Scott R. Mosko (State Bar No. 106070)
scott.mosko@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:   (650) 849-6600
Facsimile:    (650) 849-6666

Smith R. Brittingham, IV *(admitted pro hac vice)*
smith.brittingham@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Telephone:        (202) 408-4000
Facsimile:         (202) 408-4400

Lionel M. Lavenue *(admitted pro hac vice)*
lionel.lavenue@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia  20190-5675
Telephone:        (571) 203-2700
Facsimile:         (202) 408-4400

Attorneys for Counterclaim-Defendants
ASUSTEK COMPUTER INC. and ASUSTEK
COMPUTER INTERNATIONAL AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., | Case No. 4:08-cv-04567-CW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| O2 MICRO INTERNATIONAL LIMITED, | Judge:  Honorable Claudia Wilken |
| Defendant. | |

| | |
|---|---|
| 1 | O2 MICRO INTERNATIONAL LIMITED, |
| 2 | Counterclaimant, |
| 3 | v. |
| 4 | |
| 5 | MONOLITHIC POWER SYSTEMS, INC., ASUSTEK COMPUTER INC., ASUSTEK COMPUTER INTERNATIONAL AMERICA, BENQ CORPORATION, and BENQ AMERICA CORP., |
| 6 | |
| 7 | |
| 8 | Counterclaim-Defendants. |

## I.  INTRODUCTION

Each party to this action is also a party to a companion proceeding in the International Trade Commission, more specifically called: *Certain Cold Cathode Fluorescent Lamp ("CCFL") Inverter Circuits and Products Containing the Same*, Investigation No. 337-TA-66 ("the ITC Proceeding"). This Court has already ordered that the discovery produced and exchanged in the ITC action shall be deemed produced and exchanged in this action.  Further to that Order, the parties to this action stipulate and agree that any evidence the parties produce in the ITC Proceeding will be deemed produced in this action, and may be used in this action.  On January 14, 2009, a Protective Order was entered in the ITC Proceeding.  Attached to this Stipulated Protective Order as Exhibit 1 is a true and correct copy of the operative Protective Order issued in the ITC Proceeding.  The parties seek to adopt the same or similar provisions of Exhibit 1 in this action.

## II.  PURPOSES

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information.

## III.  PROTECTIVE ORDER PROVISIONS

IT IS HEREBY ORDERED THAT:

/ / /

1. Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to cause substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

2(a). Any information submitted, in discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this action, which is asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, or hearing, and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend: "[supplier's name] CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

(b). The Court may determine that information alleged to be confidential is not confidential, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the completion of the trial herein.  If such a determination is made by the Court, opportunity shall be provided to the supplier of such information to argue its confidentiality prior to the time of such ruling.

3. In the absence of written permission from the supplier or an order by the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:  (i) outside counsel for parties to this investigation, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign

1 manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which
2 are the subject of this investigation); and (iv) the Court and its staff.

3     4. Confidential business information submitted in accordance with the provisions of
4 paragraph 2 above shall not be made available to any person designated in paragraph 3(iii) unless
5 he or she shall have first read this order and shall have agreed, by signing the attachment to this
6 Protective Order: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business
7 information to anyone other than another person designated in paragraph 3; and (iii) to utilize such
8 confidential business information solely for purposes of this action.

9     5. If the Court orders, or if the supplier and all parties to this action agree, that access
10 to, or dissemination of information submitted as confidential business information shall be made to
11 persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated
12 to, such persons based upon the conditions pertaining to, and obligations arising from this order, and
13 such persons shall be considered subject to it, unless the Court finds that the information is not
14 confidential business information as defined in paragraph 1 hereof.

15     6. Without written permission from the supplying party or entity, or a court order
16 secured after appropriate notice to all interested parties, a Party may not file in the public record
17 in this action any confidential business information. A Party that seeks to file under seal any
18 confidential business information must comply with Civil L.R. 79-5. When any confidential
19 business information submitted in accordance with paragraph 2 above is included in an authorized
20 transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter
21 taking the deposition to bind such confidential portions and separately label them "[supplier's name]
22 CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER." Before
23 a court reporter or translator receives any such information, he or she shall have first read this order
24 and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign
25 the agreement included as Attachment A hereto. Copies of each such signed agreement shall be
26 provided to the supplier of such confidential business information.

27     7. The restrictions upon, and obligations accruing to, persons who become subject
28 to this order shall not apply to any information submitted in accordance with paragraph 2 above to

1  which the person asserting the confidential status thereof agrees in writing, or the Court rules, after
2  an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or
3  has since become publicly known through no fault of the receiving party.

4        8.    If a party to this order who is to be a recipient of any business information designated
5  as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a
6  designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer
7  as to the status of the subject information proffered within the context of this order.  If prior to, or
8  at the time of such a conference, the supplier withdraws its designation of such information as
9  being subject to this order, such supplier shall express the withdrawal, in writing, and serve such
10 withdrawal upon all parties to this Action.  If the recipient and supplier are unable to concur upon
11 the status of the subject information submitted as confidential business information within ten days
12 from the date of notification of such disagreement, any party to this order may raise the issue of the
13 designation of such a status to the Court who will rule upon the matter.  The Court may *sua sponte*
14 question the designation of the confidential status of any information and, after opportunity for
15 hearing, may remove the confidentiality designation.

16        9.    No less than ten (10) days prior to the initial disclosure to a proposed expert of
17 any confidential information submitted in accordance with paragraph 2, the party proposing to
18 use such expert shall submit in writing the name of such proposed expert and his or her educational
19 and detailed employment history to the supplier.  If the supplier objects to the disclosure of such
20 confidential business information to such proposed expert as inconsistent with the language or intent
21 of this order or on other grounds, it shall notify the recipient in writing of its objection and the
22 grounds therefor prior to the initial disclosure.  If the dispute is not resolved on an informal basis
23 within ten (10) days of receipt of such notice of objections, the supplier shall notice a motion before
24 the Court to resolve the dispute. The submission of such confidential business information to such
25 proposed expert shall be withheld pending the ruling of the Court.

26       10.    If confidential business information submitted in accordance with paragraph 2 is
27 disclosed to any person other than in the manner authorized by this protective order, the party
28 responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure

- 4 -

STIPULATED PROTECTIVE ORDER
Case No. 4:08-cv-04567-CW

to the attention of the supplier, and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

11. Upon final termination of this action, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place.

12. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

13. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

14. If a Producing Party realizes it has inadvertently produced a document it considers to be privileged, it may contact the Receiving Party and notify it of the inadvertent production, and the production of the document shall not constitute a waiver or impairment of any claim of privilege relating to the document;

15. To notify the Receiving Party, the Producing Party must:
    a. notify the Receiving Party in writing of the delivery of inadvertently produced documents;
    b. identify the produced documents:
        i. by Bates stamp number designations; or
        ii. by the date(s) of the document(s), the name(s) of its author(s) and the name(s) of each person to whom the document(s) were addressed; and
    c. identify the complete basis on which the claim of privilege is asserted;

16. Upon receipt of the written notice pursuant to the above provision, the Receiving Party will have five (5) business days within which it shall return or destroy the specified materials

1  and any copies thereof and may not further use or disclose the specified materials or information

2  contained therein.  If the Receiving Party disclosed the specified materials before being notified, it

3  must take reasonable steps to retrieve it.  The Receiving Party is free to challenge the assertions of a

4  Producing Party in accordance with this paragraph, but such a challenge shall not modify or suspend

5  its obligations under this paragraph.  The Producing Party must preserve copies of the specified

6  materials until any claim challenging the privileged nature of such materials is resolved.

7         IT IS SO STIPULATED:

8

9  FINNEGAN, HENDERSON, FARABOW,                COOLEY GODWARD KRONISH LLP
   GARRETT & DUNNER, L.L.P.
10

11 By: _____/s/ Scott R. Mosko_____            By: _____/s/ Chad T. Nitta_____
          Scott R. Mosko                                Chad T. Nitta *(admitted pro hac vice)*
12

13 Attorneys for Plaintiff and Counterclaim-     Attorneys for Counterclaim-Defendants
   Defendant MONOLITHIC POWER                    BENQ CORPORATION and BENQ
   SYSTEMS, INC. and for Counterclaim-           AMERICA CORP.
14 Defendants ASUSTEK COMPUTER INC.
   and ASUSTEK COMPUTER
15 INTERNATIONAL AMERICA

16 Dated:  March 23, 2009                         Dated:  March 23, 2009

17

18 LATHAM & WATKINS LLP                          HOWREY LLP

19

20 By: _____/s/ Mark A. Flagel_____            By: _____/s/ Robert Harkins_____
          Mark A. Flagel                                Robert Harkins
21

22 Attorneys for Plaintiff and Counterclaim-     Attorneys for Defendant and Counterclaimant
   Defendant MONOLITHIC POWER                    O2 MICRO INTERNATIONAL LIMITED
23 SYSTEMS, INC.

24 Dated:  March 23, 2009                         Dated:  March 23, 2009

25 / / /

26 / / /

27 / / /

28 / / /

1    I, Scott R. Mosko, declare under penalty of perjury that I received permission from Robert
2    Harkins, Mark A. Flagel, and Chad T. Nitta to affix their electronic signatures to this document
3    and file it with the Court.

                                      /s/ Scott R. Mosko
                                        Scott R. Mosko

**O R D E R**

IT IS SO ORDERED.

Dated:  4/27/09

_____
The Honorable Claudia Wilken
United States District Judge

# ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of _____ _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Monolithic Power Systems, Inc. v. O2 Micro International Limited*, Case No. 4:08-cv-04567-CW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to do so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [*print or type full name*] of _____ _____ [*print or type full address and telephone number*] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective order.


Date:_____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____

505774_1.DOC