IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONOLITHIC POWER SYSTEMS, INC.,

    Plaintiff,

  v.

O2 MICRO INTERNATIONAL LIMITED,

    Defendant.
    /

No. C 08-4567 CW

ORDER CONCERNING COURT-APPOINTED EXPERT

At the March 3, 2009 case management conference, the Court proposed appointing Dr. Enrico Santi as its expert. At O2 Micro's request, the Court permitted it to interview Dr. Santi and to file a memorandum in support of its position that Dr. Santi should not be appointed. O2 Micro filed its memorandum, and MPS filed a memorandum in response.

O2 Micro asserts that there is no need for a Court-appointed expert in this case, and thus objects to the Court appointing anyone as an expert. The Court is well acquainted with the family of patents at issue in this case, having presided over multiple lawsuits between the same parties over a number years. In the Court's experience, the questions of infringement and validity of the patents involve particularly esoteric principles of electrical

engineering.  In light of the probable difficulty of evaluating the persuasiveness of expert testimony in this case as lay people, it is the Court's opinion that the jury would benefit from the opinion of a neutral expert.  The Federal Circuit upheld the Court's appointment of an independent expert in related case No. C 04-2000, which involved technical issues similar to those here.  <u>Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.</u>, 558 F.3d 1341, 1346-48 (Fed. Cir. 2009).

O2 Micro objects to the appointment of Dr. Santi as an expert because of his involvement in case No. C 04-2000.  O2 Micro also points to certain contacts between Dr. Santi and agents of MPS as evidence of Dr. Santi's potential bias in favor of MPS.  It requests that, if the Court appoints an expert over its objection, the Court appoint Dr. Seth Sanders, a professor at the University of California at Berkeley.  The Court previously considered Dr. Sanders' credentials and experience and found that he was qualified to serve as an expert in case No. C 04-2000.  Although MPS maintains that it would be appropriate to appoint Dr. Santi, it does not object to Dr. Sanders' appointment.  The Court is not persuaded that Dr. Santi's involvement in the previous case or the contacts between Dr. Santi and MPS agents render him unsuitable for appointment in the present case.  Nonetheless, because the parties agree that Dr. Sanders would be a suitable expert, the Court will appoint Dr. Sanders.

The parties shall, within five days of this order, jointly file a proposed order instructing Dr. Sanders as to his duties in connection with this case.  They may use the Court's order of March 12, 2007 (Docket No. 800) in Case No. 04-2000 and the Court's order

2

of May 5, 2008 (Docket No. 302) in <u>Fujitsu Ltd. v. Nanya Tech. Corp.</u>, No. C 06-6613, as models.  The instructions should inform Dr. Sanders that he will testify after the parties' own experts, and thus will not be required to give a lengthy tutorial on the technology at issue to the jury.  The parties are also ordered to submit within five days a proposed schedule indicating when the parties will provide Dr. Sanders with information, what information will be provided, when Dr. Sanders' expert's report should be due and when the parties will depose him.

    IT IS SO ORDERED.

Dated:  5/5/09

                          CLAUDIA WILKEN
                          United States District Judge