IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONOLITHIC POWER SYSTEMS, INC.,

    Plaintiff,

  v.

O2 MICRO INTERNATIONAL LIMITED,

    Defendant.
                                 /

No. C 08-4567 CW

ORDER CONCERNING DUTIES AND INSTRUCTIONS FOR COURT-APPOINTED EXPERT DR. SETH SANDERS

    The Court hereby appoints Dr. Sanders as its expert witness. See Fed. R. Evid. 706. As the court-appointed expert, Dr. Sanders shall serve as a neutral, independent expert on behalf of the Court on the technology at issue in this case. His duties shall be to provide expert analysis and opinions as to the technical issues in this case, including issues concerning infringement/non-infringement and validity/invalidity of the asserted claims of U.S. Patent Nos. 7,417,382 ("the '382 patent"), 6,856,519 ("the '519 patent"), 6,809,938 ("the '938 patent"), 6,900,993 ("the '993 patent"), and 7,120,035 ("the '035 patent") (collectively "the Patents-in-Suit"). These issues may include whether the accused products of any of the Counterclaim-Defendants have infringed any of the Patents-in-Suit literally or under the doctrine of

equivalents and/or whether any of the Patents-in-Suit is invalid in view of the prior art by reason of anticipation or obviousness. Dr. Sanders' duties may also include providing expert analysis and opinions on claim construction issues related to asserted claims of the Patents-in-Suit.

Dr. Sanders will be provided with various materials to use as resources when forming his opinions. He is not limited to these materials, and may request additional information if he believes that it is necessary. He may give these materials as much weight and consideration as he believes in his professional judgment is required.

Copies of the following materials will be provided to Dr. Sanders within five days of the entry of this order, in organized binders that are labeled and tabbed:

(i)     the model jury instructions for patent cases in the Northern District of California;
(ii)    all Patents-in-Suit;
(iii)   the file histories of all Patents-in-Suit;
(iv)    O2 Micro's Infringement Contentions;
(v)     all product materials cited in O2 Micro's Infringement Contentions;
(vi)    each Counterclaim-Defendant's invalidity contentions;
(vii)   the prior art references cited in each Counterclaim-Defendant's invalidity contentions;
(viii)  Monolithic Power Systems, Inc.'s ("MPS") Second Amended Complaint;
(ix)    O2 Micro's First Amended Answer and Counterclaims; and
(x)     each Counterclaim-Defendant's responsive pleading to O2

Micro's First Amended Answer and Counterclaims.

The parties will provide additional materials to Dr Sanders during the course of the litigation. Those materials will include the following:

(i) O2 Micro's answer and counterclaims to MPS's Second Amended Complaint on or about the same day it is filed;

(ii) Each Counterclaim-Defendant's responsive pleading to O2 Micro's answer and counterclaims on or about the same day the responsive pleading is filed;

(iii) The expert reports on infringement/non-infringement and validity/invalidity exchanged in the ITC proceeding (Investigation No. 337-TA-666), on or before July 31, 2009;

(iv) The expert reports on infringement/non-infringement and validity/invalidity exchanged by the parties in this case, on or before August 17, 2009;

(v) The parties' Joint Claim Construction and Prehearing Statement on or about June 26, 2009.

The parties will send the documents to Dr. Sanders jointly. If the parties disagree about the propriety of providing a certain document or thing to Dr. Sanders, the parties will seek the Court's assistance and neither party shall provide that document or thing to Dr. Sanders unless and until the Court has resolved the issue.

Among other things, Dr. Sanders may look to the reports and the deposition transcripts of the parties' experts for guidance as to what the experts and the parties believe are the key issues to be addressed in this case. However, it is not his role to critique the parties' experts. His opinions are to be his own independent

3

opinions.

Dr. Sanders should follow the basic rules of patent law as set forth in the model jury instructions for patent cases in the Northern District of California, including the requirement that he must follow prior court orders interpreting the meaning of certain patent claim terms. He is not required to provide a detailed analysis of patent law. If Dr. Sanders requires further guidance regarding patent law terminology, or the relevant legal standards, he can direct inquiries to the parties or the Court with respect thereto, as described below.

After reviewing the materials provided to him, and conducting his own independent analysis, Dr. Sanders will prepare an expert report, containing a statement of his opinions and the reasons for his opinions. Dr. Sanders may want to attach the claim charts described below as exhibits to his report. The Court and the parties are looking for a basic statement of Dr. Sanders' opinions in this case. Although he may look to other expert reports for guidance as to formatting and standard content, no specific format is required. His report should be sent to the parties by express mail no later than August 31, 2009, or another date prior to November, 2009 to be agreed upon by Dr. Sanders and the parties.

In his expert report:

(i) Dr. Sanders will offer his opinion on infringement by determining whether each and every element of the asserted claims can be found in Counterclaim-Defendants' accused products. O2 Micro's infringement contention chart should set out its infringement theory on an element-by-element basis.

4

|  |  |  |
|---|---|---|
| 1 |  | Similarly, the parties' expert reports should track |
| 2 |  | this element-by-element analysis, including |
| 3 |  | Counterclaim-Defendants' responses to O2 Micro's |
| 4 |  | infringement claim.  Dr. Sanders should conduct his own |
| 5 |  | independent analysis in the same manner as the parties |
| 6 |  | in this case.  The parties will provide him with blank |
| 7 |  | versions of these claim charts in electronic format for |
| 8 |  | his convenience. |
| 9 | (ii) | Dr. Sanders will offer his opinion on patent invalidity |
| 10 |  | due to anticipation by determining whether or not each |
| 11 |  | and every element of one or more of the asserted claims |
| 12 |  | can be found in any one item of prior art. |
| 13 |  | Counterclaim-Defendants' invalidity contention charts |
| 14 |  | should set out their invalidity-due-to-anticipation |
| 15 |  | theories on an element-by-element basis.  Similarly, |
| 16 |  | the parties' expert reports should track this |
| 17 |  | element-by-element analysis, including O2 Micro's |
| 18 |  | response to Counterclaim-Defendant's anticipation |
| 19 |  | claim.  Dr. Sanders should conduct his own independent |
| 20 |  | analysis on anticipation in the same manner as the |
| 21 |  | parties in this case.  The parties will provide him |
| 22 |  | with blank versions of these claim charts in electronic |
| 23 |  | format for his convenience. |
| 24 | (iii) | Additionally, Dr. Sanders will offer his opinion on |
| 25 |  | invalidity due to obviousness by determining whether or |
| 26 |  | not it would have been obvious to combine the teachings |
| 27 |  | of certain references to achieve the claimed invention. |
| 28 |  | Counterclaim-Defendants' invalidity contention charts |

        should set out their invalidity-due-to-obviousness theories on an element-by-element basis. Similarly, the parties' expert reports should track this element-by-element analysis, including O2 Micro's response to Counterclaim-Defendants' obviousness claim. Dr. Sanders should conduct his own independent analysis on obviousness in the same manner as the parties in this case. The parties will provide him with blank versions of these claim charts in electronic format for his convenience.

The parties will depose Dr. Sanders on or before September 7, 2009 (or another date prior to November, 2009 to be agreed upon by Dr. Sanders and the parties) at a location that is convenient to him. At the deposition, the parties may ask him questions, and he will be given the opportunity to explain his opinions in greater detail prior to his testimony at trial. Each party may depose Dr. Sanders for up to 3.5 hours.

The Court may require Dr. Sanders to attend the claim construction oral hearing on December 10, 2009. If this is the case, Dr. Sanders shall review the parties' claim construction briefs prior to the hearing. Additionally, Dr. Sanders shall provide the Court and the parties with his advisory opinion on claim construction on or before November 30, 2009. The advisory opinion shall include Dr. Sanders' proposed constructions of the disputed claim terms and his reasoning for arriving at those constructions.

If the Court's claim construction order causes Dr. Sanders to change any opinions rendered in his expert report, he should so

6

indicate in a supplemental report to be sent within 14 days of the issuance of the Court's claim construction order, in which case the parties will be permitted to depose him on those issues.

Lastly, Dr. Sanders will testify at trial on his opinions. Dr. Sanders will testify after the parties' experts, and thus will not be required to give a lengthy tutorial on the technology at issue to the jury. The trial is scheduled to begin on August 2, 2010, and will continue for two weeks. The Court and the parties will attempt to accommodate Dr. Sanders' schedule and to give him as much advance notice as possible as to what day (or days) he will be needed to testify. Trials are complex matters, however, involving many witnesses, so flexibility will be required. The parties will pay for all of Dr. Sanders' reasonable hotel and travel expenses.

Dr. Sanders may contact the Court by calling its clerk at (510) 637-3542 if questions come up or if he encounters difficulty in accomplishing his assigned tasks. The clerk will arrange a conference call with the attorneys. He may also contact the Court by letter, with a carbon copy to the parties, or by emailing the clerk and "cc"-ing the parties. The clerk's email address is "sheilah_cahill@cand.uscourts.gov." In addition, Dr. Sanders may contact the parties directly, by using the e-mail addresses that they will provide to him, if he needs additional documents or other information. Dr. Sanders, however, shall not contact only one party, as it is important that both sides be given the chance to communicate with him jointly if needed. The parties will set up a conference call if necessary.

Dr. Sanders must confirm that he has no conflict of interest.

7

Specifically, Dr. Sanders should mail to the Court the information requested in the attached "Disclosure Form."

O2 Micro shall pay for half of Dr. Sanders' fees and expenses, and the Counterclaim-Defendants will share equally the other half. O2 Micro will deposit a retainer of $20,000 in the Howrey trust account, and Counterclaim-Defendants will deposit a retainer of $20,000 in the Latham & Watkins trust account. Dr. Sanders may bill at his usual hourly rate or at an agreed rate commensurate with the rates paid to the parties' expert witnesses.

IT IS SO ORDERED.

Dated: 5/22/09

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MONOLITHIC POWER SYSTEMS, INC. et al,

        Plaintiff,

v.

O2MICRO INTERNATIONAL LIMITED et al,

        Defendant.

Case Number: CV08-04567 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 22, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dr. Seth Sanders
Department of EESC
565 Cory Hall
University of California
Berkeley, CA  94720

Dated: May 22, 2009

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk