1  [COUNSEL LISTED ON SIGNATURE PAGE]
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **NORTHERN DISTRICT OF CALIFORNIA**
10                     **OAKLAND DIVISION**

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., | Case No. C 08-4567 CW |
| Plaintiff, | **STIPULATED DISMISSAL WITH PREJUDICE AS TO UNITED STATES PATENT NOS. 6,809,938; 6,856,519; 6,900,993 AND 7,120,035** |
| v. | |
| O2 MICRO INTERNATIONAL LIMITED, | |
| Defendant | |
| O2 MICRO INTERNATIONAL LIMITED, | |
| Counterclaimant, | |
| v. | |
| MONOLITHIC POWER SYSTEMS, INC., ASUSTEK COMPUTER INC., ASUS COMPUTER INTERNATIONAL, BENQ CORPORATION, AND BENQ AMERICA CORP., | |
| Counterclaim-Defendants | |

Stipulated Dismissal of Claims and Counterclaims
Case No. C 08-4567-CW

Plaintiff Monolithic Power Systems, Inc. ("MPS"), Defendant O2 Micro International Limited ("O2 Micro"), and Counterclaim Defendants ASUSTeK Computer Inc. and ASUS Computer International, hereby stipulate to a dismissal with prejudice of their respective claims for relief concerning U.S. Patent Nos. 6,809,938 ("'938 patent"); 6,856,519 ("'519 patent"); 6,900,993 ("'993 patent") and 7,120,035 ("'035 patent") (collectively, the "'519 Patent Family") based on the following premises:

(1) Whereas, on October 1, 2008, MPS filed this action seeking a declaratory judgment that its power inverter controller products do not infringe any claim of the '519 Patent Family and that the claims of the '519 Patent Family are invalid;

(2) Whereas, on February 11, 2009, O2 Micro filed an amended Answer that included a counterclaim for infringement of U.S. Patent No. 7,417,382 ("'382 patent"), as well as infringement of the '938, '519, and '035 patents;

(3) Whereas, on May 5, 2009, MPS filed a Second Amended Complaint seeking a declaration that (i) its power inverter controller products do not infringe any claim of the '519 Patent Family or the '382 patent; (ii) that the claims of the '519 Patent Family and the '382 patent are invalid; and (iii) that the claims of the '519 Patent Family and the '382 patent are unenforceable due to inequitable conduct;

(4) Whereas, in the course of discovery, the parties have identified the following as MPS's CCFL inverter controller products: MP1007, MP1008, MP1009, MP1010, MP1010A, MP1010B, MP1011, MP1011A, MP1012, MP1013, MP1015, MP1016, MP1017, MP1018, MP1018C, MP1021, MP1022, MP1022A, MP1023, MP1024, MP1025, MP1025A, MP1026, MP1027, MP1028, MP1029, MP1030, MP1031, MP1032, MP1033, MP1035, MP1037, MP1038, MP1039, MP1041, MP1046, MP1048, MP1052, MP1060, MP1061, MP1070, MP1080, MP1088, MP1251, MP1872, MP1900, MP10091, VN800, VN801, VN830, and VN831;

(5) Whereas, by its signature to this stipulation as of the date of its signature, O2 Micro covenants not to assert the '519 Patent Family against MPS or MPS's

| | |
|---|---|
| 1 | direct or indirect customers for past or future infringement by (i) the following |
| 2 | MPS CCFL inverter controller products in their currently existing form: MP1007, |
| 3 | MP1008, MP1009, MP1007, MP1008, MP1009, MP1010, MP1010A, MP1010B, |
| 4 | MP1011, MP1011A, MP1012, MP1013, MP1015, MP1016, MP1017, MP1018, |
| 5 | MP1018C, MP1021, MP1022, MP1022A, MP1023, MP1024, MP1025, |
| 6 | MP1025A, MP1026, MP1027, MP1028, MP1029, MP1030, MP1031, MP1032, |
| 7 | MP1033, MP1035, MP1037, MP1038, MP1039, MP1041, MP1046, MP1048, |
| 8 | MP1052, MP1060, MP1061, MP1070, MP1080, MP1088, MP1251, MP1872, |
| 9 | MP1900, MP10091, VN800, VN801, VN830, and VN831; (ii) any MPS CCFL |
| 10 | inverter controller products incorporating only insubstantial changes to the design |
| 11 | and relevant operation of the products listed in (i); and (iii) and any MPS CCFL |
| 12 | inverter modules and end-user devices incorporating such MPS CCFL inverter |
| 13 | controller products described in (i) and (ii) above. |

If, despite the existence of this stipulation, O2 Micro alleges infringement of the '519 Patent Family against MPS or MPS's direct or indirect customers based on their use of the aforementioned MPS products, any lawsuit must be filed in the Northern District of California. O2 Micro agrees that any assignment or exclusive license to the '519 Patent Family will be subject to this Stipulation.

As a consequence of this Stipulation, the only patent remaining in this action is U.S. Patent No. 7,417,382.

Dated: June 30, 2009          Respectfully submitted,

LATHAM & WATKINS LLP

By: _____/s/_____
   Mark A. Flagel

Attorneys for Plaintiff and Counterclaim-Defendant
Monolithic Power Systems, Inc.

| | | |
|---|---|---|
| 1 | Dated: June 30, 2009 | HOWREY LLP |
| 2 | | By: _____/s/_____ |
| | | K.T. Cherian |
| 3 | | |
| | | Attorneys for Defendant and Counterclaimant |
| 4 | | O2 Micro International, Ltd. |
| 5 | | |
| 6 | | |
| 7 | Dated: June 30, 2009 | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. |
| 8 | | |
| | | By: _____/s/_____ |
| 9 | | Scott R. Mosko |
| 10 | | Attorneys for Plaintiff and Counterclaim-Defendant Monolithic Power Systems, Inc. and |
| 11 | | Counterclaim-Defendants ASUSTeK Computer Inc. and ASUS Computer International |

**ORDER**

Pursuant to stipulation, it is SO ORDERED. All claims and counterclaims asserted herein as to U.S. Patent Nos. 6,809,938; 6,856,519; 6,900,993 and 7,120,035 are hereby DISMISSED with prejudice in accordance with the terms of and with respect to products as set forth in the Stipulation of the parties.

The only patent remaining in this action is U.S. Patent No. 7,417,382.

Dated: 7/14/09

_____
THE HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**<u>Filer's Attestation</u>**

I, Mark A. Flagel, am the ECF User whose identification and password are being used to file this Stipulated Dismissal With Prejudice As To United States Patent Nos. 6,809,938; 6,856,519; 6,900,993 and 7,120,035.  Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from K.T. Cherian and Scott R. Mosko.

Dated:  June 30, 2009                                    By:  _____/s/_____
                                                                              Mark A. Flagel