IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>O2 MICRO INTERNATIONAL LIMITED,<br><br>    Defendant.<br>_____/<br><br>O2 MICRO INTERNATIONAL LIMITED,<br><br>    Counterclaimant,<br><br>  v.<br><br>MONOLITHIC POWER SYSTEMS, INC.;<br>ASUSTEK COMPUTER INC.; ASUSTeK<br>COMPUTER INTERNATIONAL AMERICA,<br><br>    Counterclaim-Defendants.<br>_____/ | No. C 08-04567 CW<br><br>ORDER GRANTING MOTION TO STRIKE PORTIONS OF THE EXPERT REPORTS OF RICHARD A. FLASCK AND VINCENT E. O'BRIEN (Docket No. 143) AND GRANTING IN PART AND DENYING IN PART O2 MICRO'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS (Docket No. 146) |

    Plaintiff and Counter-Defendant Monolithic Power Systems, Inc. (MPS) moves to strike portions of the expert reports of Richard A. Flasck and Vincent E. O'Brien. Counterclaim-Defendants ASUSTeK Computer, Inc. and ASUSTeK Computer International America (collectively ASUSTeK) join MPS' motion. Defendant O2 Micro International Limited opposes the motion. In a related motion, O2 Micro moves to amend its disclosure of asserted claims and preliminary infringement contentions to include the alleged infringements discussed in the Flasck and O'Brien reports. MPS and

ASUSTeK oppose the motion in part. The motions were decided on the papers. Having considered all of the papers submitted by the parties, the Court GRANTS MPS' Motion to Strike Portions of the Flasck and O'Brien Reports and GRANTS IN PART AND DENIES IN PART O2 Micro's Motion to Amend.

## BACKGROUND

On January 28, 2009, O2 Micro filed a counterclaim against MPS for infringement of U.S. Patent No. 7,417,382 (the '382 Patent). Pursuant to Patent Local Rule 3-1, O2 Micro served MPS with its Disclosure of Asserted Claims and Preliminary Infringement Contentions on March 13, 2009. The Preliminary Infringement Contentions alleged that MPS' MP1009, MP1010B, MP1026, MP1038 and MP1048 inverter controllers infringe the '382 Patent.

On July 31, 2009, O2 Micro served MPS with the expert report of Richard A. Flasck. In the report, Flasck opined that the MPS products mentioned above infringe the '382 Patent. He also opined that MPS' MP1008, MP10091, MP1015, MP1016, MP1017, MP1018, MP1028, MP1037, MP1060, MP1872 and MP61093 products infringe the '382 Patent. O2 Micro did not address these eleven additional products in their Preliminary Infringement Contentions. On August 21, 2009, O2 Micro served MPS with an expert report by Vincent E. O'Brien, which estimated the damages caused by MPS' alleged infringement. The O'Brien Report took into account the eleven additional MPS products discussed in the Flasck Report. The same day, O2 Micro also served a supplement to the Flasck Report, which opined that MPS' MP1061, MP1062, VN800 and VN830 products also infringe the '382 Patent.

On September 4, 2009, MPS filed this motion to strike the

portions of the Flasck and O'Brien reports that address the additional products not discussed in O2 Micro's Preliminary Infringement Contentions. Later that day, O2 Micro filed a motion to amend its infringement contentions to include the additional eleven MPS products from the original Flasck Report and the four others discussed in the Supplemental Flasck Report. O2 Micro's motion to amend also seeks leave to withdraw O2 Micro's allegations against BenQ Corporation and BenQ America Corp. and its claims of infringement of U.S. Patent Nos. 6,856,519, 6,809,938 and 7,120,035.[1] MPS and ASUSTeK did not oppose this portion of the motion.

The Court's Case Management Order required the close of claim construction discovery by July 27, 2009, the disclosure of expert witnesses' identities and reports by July 31, 2009, disclosure of expert rebuttal reports by August 14 and the close of fact and expert discovery by August 31.[2] (Docket No. 60.)

## DISCUSSION

I. O2 Micro's Motion to Amend

This district has adopted Patent Local Rules that "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." O2 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355, 1359 (Fed. Cir. 2006). Under the Patent Local Rules, the parties'

---

[1] Pursuant to stipulation, all claims against BenQ Corporation and BenQ America Corp. were dismissed. (Docket No. 98). The claims of infringement of the '519, '938 and '035 patents were also dismissed pursuant to stipulation. (Docket No. 100).

[2] This Order was amended pursuant to stipulation on August 17, 2009. However, the changes only addressed discovery and briefing regarding O2 Micro's prayer for damages. (Docket Nos. 111, 115.)

3

ability to amend their infringement and invalidity contentions is restricted.  Patent Local Rule 3-6 provides that amendment to infringement contentions "may be made only by order of the Court upon a timely showing of good cause."  Examples of good cause include

> (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent Local R. 3-6.  Good cause requires a showing of diligence; the burden is on the party seeking to amend its contentions "to establish diligence rather than on the opposing party to establish a lack of diligence."  O2 Micro, 467 F.3d at 1366-67.

O2 Micro argues that good cause exists to add the fifteen additional MPS products because it only recently discovered non-public information about them.  MPS points out, however, that O2 Micro obtained information on the MP1008, MP1015, MP1016, MP1017, MP1018, MP1028, MP1037, MP1060, MP1872, VN800 and VN830 through either its patent litigation in the Eastern District of Texas[3] or the 2004 case against MPS in this Court regarding infringement of its U.S. Patent No. 6,396,722.  With regard to the MP1061, MP1062, MP10091 and MP61093, MPS asserts that O2 Micro received information on these products through the parallel International Trade Commission proceeding in May and June, 2009.  All discovery in the ITC action applies to this proceeding.  (Docket No. 60.)  O2 Micro

---

[3] See O2 Micro Int'l Ltd. v. Samsung Elecs. Co., No. 2:04-cv-00323 TJW (E.D. Tex.); O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., No. 2:04-cv-00359 LED (E.D. Tex.); O2 Micro Int'l Ltd. v. Hon Hai Precision Indus. Co., No. 2:05-cv-00323-CE (E.D. Tex.).

4

did not persuasively argue or provide evidence showing that it did not receive information from these other proceedings.[4]

Because O2 Micro was not diligent in seeking leave to amend, the Court does not find good cause for O2 Micro to add these products. O2 Micro had information, often in the form of detailed technical documents, on the MP1008, MP1015, MP1016, MP1017, MP1018, MP1028, MP1037, MP1060, MP1872, VN800 and VN830. Thus, these products could have been included in its March, 2009 Infringement Contentions. O2 Micro asserts that protective orders barred it from using information obtained in prior actions. This argument ignores provisions in the protective orders that allow O2 Micro to seek consent to use the information in this case. See, e.g., Harkins Decl. in Opp'n to Mot. to Strike, Ex. C at 4. There is no evidence that O2 Micro sought such consent.

As for the MP1061, MP1062, MP10091 and MP61093, O2 Micro had information on these products about three months before it filed its current motion. Nevertheless, O2 Micro waited until after discovery closed before seeking leave to accuse them. Indeed, MPS did not have notice that O2 Micro would accuse the MP1061 and MP1062 until O2 Micro served the Supplemental Flasck Report on

---

[4] Concerning the MP1008, MP10091 and MP61093, O2 Micro asserts that MPS "cited no evidence whatsoever to support its allegation that O2 Micro was aware of the products at the time it served its March 13, 2009 infringement contentions." O2 Micro Opp'n to Mot. to Strike at 6. This assertion is partially incorrect. MPS provided evidence showing O2 Micro knew of the MP1008 as early as November 5, 2007. See Kang Dec'l, Opp'n to Mot. for Leave to Amend, Ex. K. As for the MP10091 and MP61093, MPS provided evidence showing that O2 Micro received information on these products in May, 2009 through the ITC proceeding. See Kang Dec'l, Reply in Support of Mot. to Strike ¶ 5. As discussed below, although O2 Micro received information about these products after March, 2009, it does not show it was diligent in seeking leave to amend its contentions.

August 21, three weeks after the deadline for disclosing expert reports had passed. The Court cannot disregard O2 Micro's tardiness, which limited the time MPS had to analyze the additional allegations. O2 Micro does not explain why it did not seek leave to amend sooner, and thus cannot be found to be diligent.

II. MPS' Motion to Strike

MPS moves to strike the portions of the Flasck and O'Brien reports that address the additional MPS products. MPS asserts that these references are improper because they are not mentioned in the Infringement Contentions. Because the Court denied O2 Micro's motion to amend, it grants this motion to strike.

CONCLUSION

For the foregoing reasons, the Court GRANTS MPS' Motion to Strike. Within three days of this Order, O2 Micro shall serve versions of the Flasck and O'Brien reports that do not include references to the MP1008, MP1015, MP1016, MP1017, MP1018, MP1028, MP1037, MP1060, MP1061, MP1062, MP1872, MP10091, MP61093, VN800 and VN830 products. The Court GRANTS O2 Micro's Motion for Leave to Amend with regard to withdrawing allegations against BenQ Corporation and BenQ America Corp. and claims of infringement of U.S. Patent Nos. 6,856,519, 6,809,938 and 7,120,035. O2 Micro's request to include fifteen additional MPS products is DENIED. O2 Micro shall serve its amended infringement contentions within three days of this Order.

IT IS SO ORDERED.

Dated: 10/16/2009

CLAUDIA WILKEN
United States District Judge

6