1
2
3
4
5

6                              **UNITED STATES DISTRICT COURT**

7                              **NORTHERN DISTRICT OF CALIFORNIA**

8                                        **OAKLAND DIVISION**

9

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., | Case No. C 08-4567 CW |
| Plaintiff, | **ORDER CONCERNING DUTIES AND INSTRUCTIONS FOR COURT-APPOINTED EXPERT** |
| v. | |
| O2 MICRO INTERNATIONAL LIMITED, | |
| Defendant. | |
| O2 MICRO INTERNATIONAL LIMITED, | |
| Counterclaimant, | |
| v. | |
| MONOLITHIC POWER SYSTEMS, INC., ASUSTEK COMPUTER INC., ASUSTEK COMPUTER INTERNATIONAL AMERICA, BENQ CORPORATION, AND BENQ AMERICA CORP., | |
| Counterclaim-Defendants. | |

Subject to the conditions set forth in this Order, the Court hereby appoints Dr. Perreault as its expert witness. *See* Fed. R. Evid. 706. As the court-appointed expert, Dr. Perreault shall serve as a neutral, independent expert on behalf of the Court on the technology at issue in this case. His duties shall be to provide expert analysis and opinions as to the technical issues in this case concerning infringement/non-infringement and validity/invalidity of the asserted claims (*i.e.*, claims 1, 2, 4, 7, 8, 9, 11, and 14) of U.S. Patent No. 7,417,382 ("the '382 patent"). These issues shall include (1) whether any or all of the accused products of Monolithic Power Systems, Inc., ASUSTeK Computer, Inc., and/or ASUS Computer International literally infringe any of the asserted claims of the '382 patent and (2) whether any or all of the asserted claims are invalid in view of the prior art, by reason of either anticipation or obviousness.

Dr. Perreault will be provided with various materials to use as resources when forming his opinions. He is not limited to these materials, and may request additional information if he believes that it is necessary. He may give these materials as much weight and consideration as he believes in his professional judgment is required.

Copies of the following materials will be provided to Dr. Perreault within five days of the entry of an order appointing him, in organized binders that are labeled and tabbed:

(i) The model jury instructions for patent cases in the Northern District of California;
(ii) The '382 patent;
(iii) The file history of the '382 patent;
(iv) O2 Micro's Final Infringement Contentions with respect to the '382 patent;
(v) All product materials cited in the referenced Final Infringement Contentions;
(vi) Each Counterclaim-Defendant's Final Invalidity Contentions with respect to the '382 patent;
(vii) All prior art references cited in the referenced Final Invalidity Contentions;
(viii) Monolithic Power Systems, Inc.'s ("MPS") Second Amended Complaint;
(ix) O2 Micro's Answer and Counterclaims to MPS's Second Amended Complaint;
(x) Each Counterclaim-Defendant's pleading in response to O2 Micro's Answer and Counterclaims to MPS's Second Amended Complaint;

1   (xi)   The expert reports on infringement/non-infringement and validity/invalidity exchanged by the parties in this case (subject to agreed redactions, if necessary, as to products no longer in the case), [and non-duplicative expert reports, if any, exchanged in the ITC proceeding (Investigation No. 337-TA-666)];

(xii)   All of the post-hearing briefing exchanged by the parties and ITC Staff in the ITC proceeding (Investigation No. 337-TA-666), redacted as and if necessary to exclude materials relating solely to Microsemi);

(xiii)   This Court's Order (Dkt. 285) on Claim Construction and Cross Motions for Summary Judgment;

(xiv)   The April 19, 2010, Initial Determination on Violation of Section 337 and Recommended Determination on Remedy and Bond, issued by Judge Gildea in the ITC proceeding (Investigation No. 337-TA-666), redacted as and if necessary to exclude portions relating solely to Microsemi; and

(xv)   The Parties' and Staff's petitions for review of the Initial Determination, if any, and oppositions to such petitions for review, in the ITC proceeding (as these are filed with the ITC), redacted as and if necessary to exclude portions relating solely to Microsemi.

The parties will send these documents to Dr. Perreault jointly.

If additional materials are subsequently identified, and the parties disagree about the propriety of providing a certain document or thing to Dr. Perreault, the parties will seek the Court's assistance. Neither party shall provide that document or thing to Dr. Perreault unless and until the Court has resolved the issue.

Among other things, Dr. Perreault may look to the expert reports and other materials provided by the parties for guidance as to what the experts and the parties believe are the key issues to be addressed in this case. However, it is not his role to critique the parties' experts. His opinions are to be his own independent opinions.

Dr. Perreault should follow the basic rules of patent law as set forth in the model jury instructions for patent cases in the Northern District of California, including the requirement that

1  he must follow this Court's prior Order interpreting the meaning of certain patent claim terms.
2  He is not required to provide a detailed analysis of patent law.  If Dr. Perreault requires further
3  guidance regarding patent law terminology, or the relevant legal standards, he can direct
4  inquiries to the parties or the Court with respect thereto.

5  After reviewing the materials provided to him, and conducting his own independent
6  analysis, Dr. Perreault will prepare an expert report, containing a statement of his opinions and
7  the reasons for his opinions.  Dr. Perreault may want to attach claim charts as exhibits to his
8  report.  The Court and the parties are looking for a basic statement of Dr. Perreault's opinions in
9  this case.  Although he may look to other expert reports for guidance as to formatting and
10 standard content, no specific format is required.  His report should be sent to the parties by email
11 and express mail no later than June 14, 2010.

12 In his expert report:

13 (i) With respect to infringement, Dr. Perreault will offer his opinion on whether each
14     and every element of the asserted claims can be found in the accused MPS and
15     ASUSTeK/ASUS products.  Dr. Perreault should conduct his own independent
16     analysis on infringement.  The parties will provide him with blank versions of
17     claim charts in electronic format for his convenience.

18 (ii) With respect to invalidity by anticipation, Dr. Perreault will offer his opinion on
19     whether or not each and every element of each of the asserted claims can be found
20     in any one item of prior art.  With respect to invalidity due to obviousness,
21     Dr. Perreault will offer his opinion on whether or not the differences between the
22     claimed invention as set forth in each of the asserted claims, on the one hand, and
23     the prior art, on the other hand, are such that the subject matter as a whole would
24     have been obvious on July 22, 1999 to a person having ordinary skill in the art.
25     Dr. Perreault should assume for this analysis that the priority date of the '382
26     patent is July 22, 1999.  He may consider as prior art (1) prior inventions known
27     or used by others in the United States before July 22, 1999, (2) patents or printed
28     publications in this or foreign countries created before July 22, 1999, (3) offers

for sale or public use prior to July 22, 1998; (4) U.S. patents issued on applications filed before July 22, 1999; and (5) prior inventions made in the United States before July 22, 1999 by others who had not abandoned, suppressed, or concealed their inventions.  Dr. Perreault should conduct his own independent analysis on anticipation.  The parties will provide him with blank versions of claim charts in electronic format for his convenience.

    (iii)    Dr. Perreault should conduct his own independent analysis on obviousness.  The parties will provide him with blank versions of claim charts in electronic format for his convenience.

The parties will depose Dr. Perreault on or before June 17, 2010, at a location that is convenient to him.  At the deposition, the parties may ask him questions, and he will be given the opportunity to explain his opinions in greater detail prior to his testimony at trial.  Each party may depose Dr. Perreault for up to 3.5 hours.

Dr. Perreault will testify at trial on his opinions.  Dr. Perreault will testify after the parties' experts, and thus will not be required to give a lengthy tutorial on the technology at issue to the jury.  The trial is scheduled to begin on July 12, 2010 and may continue for up to two weeks. The Court and the parties will attempt to accommodate Dr. Perreault's schedule and to give him as much advance notice as possible as to what day (or days) he will be needed to testify.  Trials are complex matters, however, involving many witnesses, so flexibility will be required.  The parties will pay for all of Dr. Perreault's reasonable hotel and travel expenses.

Dr. Perreault may contact the Court by calling its clerk at (510) 637-3542 if questions come up or if he encounters difficulty in accomplishing his assigned tasks.  The clerk will arrange a conference call with the attorneys.  He may also contact the Court by letter, with a carbon copy to the parties, or by emailing the clerk and "cc"-ing the parties.  The clerk's email address is "nikki_riley@cand.uscourts.gov."  In addition, Dr. Perreault may contact the parties directly, by using the e-mail addresses that they will provide to him, if he needs additional documents or other information.  Dr. Perreault, however, shall not contact only one party, as it is

important that both sides be given the chance to communicate with him jointly if needed.  The parties will set up a conference call if necessary.

In order to accept this appointment, Dr. Perreault must give his consent to serve as the Court-appointed expert in this case, and must acknowledge his responsibility to discharge his duties in accordance with the instructions set forth in this order, by signing below and returning the signed original to the Court in the enclosed envelope.

Dr. Perreault must also confirm that he has no conflict of interest.  Specifically, Dr. Perreault should provide the information requested in the attached "Disclosure Form."  He may provide this information in the same envelope containing his consent.

O2 Micro shall pay for half of Dr. Perreault's fees and expenses, and the Counterclaim-Defendants will share equally the other half.  O2 Micro will deposit a retainer of $20,000 in the Howrey trust account, and Counterclaim-Defendants will deposit a retainer of $20,000 in the Latham & Watkins trust account.  Dr. Perreault may bill at his usual hourly rate or at an agreed rate commensurate with the rates paid to the parties' expert witnesses.

**IT IS SO ORDERED.**

Dated: _____, 2010         _____
                                                      Claudia Wilken
                                                 United States District Judge

## **CONSENT**

I consent to serve as the Court's expert in the case of *Monolithic Power Systems, Inc. v. O2 Micro International Ltd.*, No. C 08-4567, and will discharge my duties in accordance with the instructions provided to me by the Court.

Dated: _____, 2010            _____

## **DISCLOSURE FORM**

Please answer the following questions:

1. Do you presently provide any goods or services (paid or unpaid) to any entity on the Attached List? If yes, please explain in detail.

2. Please provide a list of all companies in the business of analog and/or mixed signal integrated circuits for which you have consulted or worked in the past four years, and for each state the nature of your work.

3. Have you or any member of your family to your knowledge ever had any professional, business or social relationship with any person on the Attached List? If yes, please explain in detail.

4. Do you own any stock or have any other type of financial interest in any entity on the Attached List? If yes, please identify the entity(ies) involved.

5. Have you been involved in a dispute related to intellectual property in the last five years? If yes, please explain in detail.

6. Have you ever served as an expert witness or consultant to any party or person on the Attached List? If yes, please explain in detail.

7. Please describe all contacts you have had with any person or entity on the Attached List related to this matter, and if such contacts were in writing, please attach copies of such writings to your response.

8. Please disclose any other matter that could cause a person aware of the facts and circumstances of this case to entertain a reasonable doubt that you would be impartial as the Court's expert. Any doubts you have as to whether to disclose a matter should be resolved in favor of disclosure.

Dated: _____           _____

ATTACHED LIST

- Monolithic Power Systems, Inc. or any of its employees
- O2 Micro International Limited or any of its employees
- ASUSTeK Computer, Inc. or any of its employees
- ASUS Computer International or any of its employees
- The law firm of Latham & Watkins, including its attorneys Mark Flagel, Dean Dunlavey, Bob Steinberg, Franklin Kang, Jeff Myung, Dale Chang, and Neil Rubin
- The law firm of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, including its attorneys Scott Mosko, Darren Jiron, Lionel Lavenue, Smith Brittingham, IV, John Mulcahy, and James Boyle
- The law firm of Howrey LLP, including its attorneys Henry Bunsow, Duane Mathiowetz, Korula Cherian, Robert Harkins, Henry Su, and Richard Lin
- Yung-Lin Lin