IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONOLITHIC POWER SYSTEMS, INC.,

    Plaintiff,

  v.

O2 MICRO INTERNATIONAL LIMITED,

    Defendant.
_____/

O2 MICRO INTERNATIONAL LIMITED,

    Counterclaimant,

  v.

MONOLITHIC POWER SYSTEMS, INC.; ASUSTEK COMPUTER INC.; ASUSTEK COMPUTER INTERNATIONAL AMERICA; BENQ CORPORATION; and BENQ AMERICA CORP.,

    Counterclaim-Defendants.
_____/

No. C 08-04567 CW

ORDER GRANTING O2 MICRO'S MOTION TO DISMISS CLAIMS AND ADMINISTRATIVE MOTION TO VACATE TRIAL DATE AND ALL RELATED DATES (Docket Nos. 385 and 397)

    Defendant and Counterclaimant O2 Micro International Limited asks the Court to dismiss with prejudice all claims and counterclaims between the parties concerning its United States Patent No. 7,417,382 ('382 patent). In addition, O2 Micro moves to vacate all trial-related dates. Plaintiff and Counterclaim-Defendant Monolithic Power Systems, Inc., and Counterclaim-Defendants ASUSTeK Computer Inc. and ASUS Computer International (collectively, ASUS) do not oppose O2 Micro's motions. They object, however, to any dismissal of their invalidity and unenforceability claims with prejudice "to their ability to assert

1  such claims in the future where such an assertion is warranted
2  under the circumstances." MPS and ASUS's Response at 1.
3       O2 Micro seeks dismissal of the claims and counterclaims in
4  this action based on its covenant not to sue MPS or ASUS for patent
5  infringement concerning any and all claims of the '382 patent. The
6  covenant, included with O2 Micro's motion to dismiss, provides:

> In the course of discovery, this is a complete list of
> MPS's CCFL inverter controller and driver products of
> which O2 Micro was informed and is aware: MP1007, MP1008,
> MP1009, MP1010, MP1010A, MP1010B, MP1011, MP1011A,
> MP1012, MP1013, MP1015, MP1016, MP1017, MP1018, MP1018C,
> MP1021, MP1022, MP1022A, MP1023, MP1024, MP1025, MP1025A,
> MP1026, MP1027, MP1028, MP1029, MP1030, MP1031, MP1032,
> MP1033, MP1035, MP1037, MP1038, MP1039, MP1041, MP1046,
> MP1048, MP1052, MP1060, MP1061, MP1070, MP1080, MP1088,
> MP1251, MP1872, MP1900, MP10091, VN800, VN801, VN830, and
> VN831;
>
> By its signature to this motion as of the date of its
> signature, O2 Micro covenants not to assert the '382
> Patent against MPS or MPS's direct or indirect customers,
> including ASUSTeK, for past or future infringement by (i)
> any and all current and past MPS CCFL inverter
> controllers or drivers, including the following: MP1007,
> MP1008, MP1009, MP1010, MP1010A, MP1010B, MP1011,
> MP1011A, MP1012, MP1013, MP1015, MP1016, MP1017, MP1018,
> MP1018C, MP1021, MP1022, MP1022A, MP1023, MP1024, MP1025,
> MP1025A, MP1026, MP1027, MP1028, MP1029, MP1030, MP1031,
> MP1032, MP1033, MP1035, MP1037, MP1038, MP1039, MP1041,
> MP1046, MP1048, MP1052, MP1060, MP1061, MP1070, MP1080,
> MP1088, MP1251, MP1872, MP1900, MP10091, VN800, VN801,
> VN830, and VN831; (ii) any MPS CCFL inverter controller
> or driver products incorporating only insubstantial
> changes to the design and relevant operation of the
> products listed in (i); and (iii) any MPS CCFL inverter
> modules and end-user devices including any ASUSTeK
> devices incorporating such MPS CCFL inverter controller
> or driver products described in (i) and (ii) above.
>
> O2 Micro further covenants that any assignment or
> exclusive license to the '382 patent will be subject to
> this covenant.

O2 Micro's Mot. to Dismiss at 5-6. As O2 Micro correctly notes,
this covenant renders this action non-justiciable for lack of an
actual case or controversy, which divests the Court of subject

2

matter jurisdiction.  See Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1347-49 (Fed. Cir. 2007); Crossbow Tech., Inc. v. YH Tech., 531 F. Supp. 2d 1117 (N.D. Cal. 2007).

    Accordingly, the Court GRANTS O2 Micro's motion to dismiss (Docket No. 385) and motion to vacate all trial-related dates (Docket No. 397).  All claims and counterclaims are dismissed with prejudice for lack of subject matter jurisdiction.  To be clear, this dismissal does not preclude MPS and ASUS from, in the future, claiming invalidity and unenforceability of the '382 patent if circumstances differ materially from those here or otherwise warrant such an assertion.  Because this Order disposes of all claims and counterclaims in this action, the Clerk shall enter judgment.  All trial-related dates are vacated.

    MPS and ASUS state that they intend to move for attorneys' fees and non-taxable costs.  Unless the parties stipulate to the contrary, any such motion must be filed within fourteen days of the entry of judgment.  Civil L.R. 54-5(a).

    IT IS SO ORDERED.

Dated: June 23, 2010

CLAUDIA WILKEN
United States District Judge

3