LATHAM & WATKINS LLP
Mark A. Flagel (State Bar No. 110635)
Bob Steinberg (State Bar No. 126407)
Franklin D. Kang (State Bar No. 192314)
355 South Grand Avenue
Los Angeles, California  90071-1560
Telephone:  (213) 485-1234
Facsimile:   (213) 891-8763

LATHAM & WATKINS LLP
Dean G. Dunlavey (State Bar No. 115530)
650 Town Center Drive, 20th Floor
Costa Mesa, California  92626-1925
Telephone:  (714) 755-8260
Facsimile:   (714) 755-8290

Attorneys for Plaintiff and Counterclaim-
Defendant MONOLITHIC POWER SYSTEMS, INC.

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Scott R. Mosko (State Bar No. 106070)
Stanford Research Park
3300 Hillview Avenue
Palo Alto, California  94304-1203
Telephone:  (650) 849-6600
Facsimile:   (650) 849-6666

Attorneys for Plaintiff MONOLITHIC
POWER SYSTEMS, INC. and
Counterclaim-Defendants ASUSTEK
COMPUTER INC. and ASUS
COMPUTER INTERNATIONAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>   v.<br><br>O2 MICRO INTERNATIONAL LIMITED,<br><br>            Defendant.<br><br>O2 MICRO INTERNATIONAL LIMITED,<br><br>            Counterclaimant,<br><br>   v.<br><br>MONOLITHIC POWER SYSTEMS, INC., ASUSTEK COMPUTER INC., ASUSTEK COMPUTER INTERNATIONAL AMERICA, BENQ CORPORATION, and BENQ AMERICA CORP.,<br><br>            Counterclaim-Defendants. | Case No. C 08-4567 CW (EDL)<br><br>**PLAINTIFF MONOLITHIC POWER SYSTEMS, INC., AND COUNTERCLAIMANTS ASUSTEK COMPUTER INC., AND ASUS COMPUTER INTERNATIONAL'S RECALCULATION OF FEES AND NON-TAXABLE COSTS PURSUANT TO ORDER (DKT. NO. 485)**<br><br>JUDGE:    Honorable Claudia Wilken |

I.  INTRODUCTION

Monolithic Power Systems, Inc., ASUSTeK Computer Inc. and ASUS Computer International (hereinafter "MPS") have recalculated their fee request in accordance with the Court's January 17, 2012 Order.  (Dkt. No. 485).  The Order  (1) limited the recovery for the fees corresponding to the efforts expended by the Finnegan firm (*id.* at 9:11-12); (2) limited the recovery for fees corresponding to block-billed time entries that included non-compensable work to 25% of said fees (*id.* at 13:13-14 and 14:12-13); and (3) granted MPS leave to file an additional fee application for work entailed in the preparation of the fee application and responding to O2 Micro's pleadings related thereto (*id.* at 16:18-20).  Pursuant to the Court's directives, MPS's fee and non-taxable costs request is as follows:

**RECALCULATION OF FEE[1] AWARD REQUEST**

| | |
|---|---:|
| Fees generated by the Fish and Richardson ("FR") firm: | $  281,162 |
| Fees generated by the Latham firm: | $3,455,333 |
| Fees generated by the Finnegan firm prior to the March 2009 fee cap agreement: | $  339,899 |
| Fees generated by the Finnegan firm after the March 2009 fee cap agreement: | $4,000,000 |
| Additional fees generated in the preparation of pleadings associated with the fee application not included in the initial submission: | $  343,035 |
| Non-taxable costs: | $  663,151 |
| **TOTAL FEE AND NON-TAXABLE COST REQUEST:** | **$9,084,580** |

---

[1] MPS confirms that the fee calculations submitted in this pleading include a 10% discount of the firms' then-existing hourly rates.

II.     DISCUSSION CONCERNING THE DETAILS FOR THE RECALCULATION

In Docket No. 454, MPS identified separate reports from a spreadsheet that comprised all of the work efforts from the three law firms retained in this case.  In Docket No. 469, MPS withdrew some of entries on these reports from its request for fees.  To calculate the revised fee request in accordance with the Court's directives, MPS has generated new reports, attached to the concurrently-filed Declaration of Scott R. Mosko in Support of Plaintiff Monolithic Power Systems, Inc., and Counterclaimants ASUSTeK Computer Inc., and ASUS Computer International's Recalculation of Fees and Non-taxable Costs Pursuant to Court Order (Dkt. No. 485),  (hereafter "Mosko Decl. Recalculation").  To create these new reports, MPS started with the same spreadsheet data[2] from which the original reports were generated, and made the following changes:  First, the new reports exclude the entries and data from the FR firm because the Court has affirmed the award request for fees generated by the FR firm in its entirety.  (Dkt. No. 485 at 10:6-7).  Second, the new reports also exclude the entries that were in the initial spreadsheet that MPS subsequently withdrew from its request in its response brief.  (Dkt. No. 469 at 6:16 - 7:2).  Third, the new reports include, in some instances, different rates from those in the original reports because some of the billing rates changed during the course of this case (2009 - 2012).  The new reports reflect the specific rates assigned to each time keeper at the time each entry was made.  (The rates on the original spreadsheet, and therefore on the initial reports, reflected billing rates for each particular individual that were the result of averaging the individual's rates for 2009 and 2010. )  (Mosko Decl. Recalculation, ¶¶ 3-6).

MPS has separated each of the relevant reports into two parts, i.e., work performed by the Finnegan firm and work performed by the Latham firm.  MPS has done this because of the fee cap limitations (Dkt. No. 485 at 9:11-12) and other above-mentioned restrictions that the Court has placed on the fee recovery.  As noted in the Court's Order (*id.* at 3:8-10), and as confirmed below,

---

[2] The spreadsheet was attached to the Declaration of Scott R. Mosko in Support of Documentation Supporting MPS and ASUSTeK's Motion for Attorney's Fees Pursuant to the Court's March 3, 2011 Order. MPS successfully moved that this declaration be filed under seal. *See* Dkt. Nos. 481. The spreadsheet itself was attached as Exhibit A to that declaration, and was also filed under seal.  (*Id.*)

the Latham firm did not bill fees exceeding its $4 million fee cap. Conversely, the Finnegan firm's efforts did exceed its respective $4 million cap after that cap was implemented. In accordance with the Court's directive, the portion of the fee request attributable to the Finnegan firm has been restricted to the $4 million cap. Set forth below is the breakdown of the categories that the Court has accepted as representing 100% compensable activity[3] for the Section 285 award, and the breakdown between the two firms:

| CATEGORY | LATHAM | FINNEGAN |
|---|---|---|
| 1: Pleadings/Motions - Attend to Pleadings/Motions, Amendments, and Dismissals of Earlier-Asserted Patents | $628,767.00 | $322,881.00 |
| 2: Party Analysis and Meetings/Correspondence with Client | $20,034.50 | $158,579.00 |
| 3: Case Strategy - Handling Accused Customer Issues | $289,898.00 | $179,351.50 |
| 4: Case Strategy - Construction of Claims and Non-Infringement and Invalidity Positions | $462,532.00 | $838,968.00 |
| 5: Expert-Related Activities | $206,236.50 | $336,638.50 |
| 6: Case Strategy - Damages issues | $74,050.50 | $22,721.00 |
| 7: Legal Research | $64,793.50 | $48,276.50 |
| 8: Analysis and Coordination of Evidence | $499,256.00 | $304,378.50 |
| 9: Case Management and File Maintenance | $342,988.50 | $392,140.50 |
| 10: Discovery | $765,562.50 | $3,571,362.50 |
| 11: Court-Appointed Expert Activities (Sanders and Perreault) | $165,327.50 | $165,327.50 |
| 12: Settlement Conference Activities | $13,561.00 | $12,619.50 |
| 13: Claim Construction and Summary Judgment Activities | $153,334.00 | $85,227.00 |
| 14: Pre-trial Conference Activities | $14,976.00 | $33.00 |
| 15: Activities Related to Dismissal | $28,101.00 | $7,358.00 |
| **Total** | $3,729,418.50 | $6,445,862.00 |

In addition to the above recalculated amounts, MPS has created new reports reflecting concessions to the block-billed "combination" entries. (Dkt. No. 469 at 7:21 - 8:14). *See* Mosko Decl. Recalculation, ¶¶3, 6. These concessions were accepted by the Court. The Court awarded a

---

[3] Consistent with MPS's concessions made in its Response Brief (Dkt. No. 469 at 6:16 - 7:2), the amounts in this table reflect revised calculations after the removal of entries corresponding to those that O2 Micro asserted to be (i) duplicative, (ii) related to reexamination activities or (iii) unrelated to this action.

25% recovery for the block-billed combination entries. (Dkt. No. 485 at 13:10 - 22). The recalculation applies the Court's 25% award for those combination entries, identified as category "c."

Similarly, regarding those entries that O2 Micro identified as related to "Mercer," where such entries were previously placed in one of the 15 fully compensable categories, those entries have been removed from the new reports summarized in the table above. *See* Mosko Decl. Recalculation, ¶¶ 3, 7. The Court accepted MPS's approach to these Mercer entries, marked M in Exhibit 23 (*id.* at 13:23 - 14:13). The Court found some of the "M" entries to be fully compensable, some to be entirely non-compensable, and the remainder (which were block-billed) to be subject to a 25% award.

The following table shows the amounts for the combination "c" entries, the Mercer-related ("M") entries, and the distribution of these entries between the firms:

| CATEGORY | LATHAM | FINNEGAN |
|---|---|---|
| Combination "c" block-billed entries subject to a 25% award | $437,746.00 | $2,483,415.50 |
| Mercer entries accepted for full compensation | $0.00 | $5,102.50 |
| Mercer entries eliminated from the award | $0.00 | $137,569.50 |
| Mercer entries subject to a 25% award | $1,617.50 | $83,053.50 |

By applying the directives from the Court to the amounts set forth above, the following calculations result for efforts from the Latham and Finnegan firms:

| CATEGORY | LATHAM | FINNEGAN |
|---|---|---|
| Cats: 1 – 15 | $3,729,418.50 | $6,337,799.50 |
| 25% of "c" | $109,436.50 | $620,853.87 |
| Adj. for M[4] | $0.00 | $5,102.50 |
| 25% of "M" | $404.38 | $20,763.38 |
| **Total** | $3,839,259.30 | $6,984,519.10 |
| **Total less 10% discount** | $3,455,333.30 | $6,286,067.10[5] |

---

[4] "Adj. for M" stands for adjustments made to the "M" category. The Court agreed with MPS that certain entries O2 Micro assigned to the Mercer category, all of which O2 Micro objected to, were wrongly assigned. The amounts corresponding to the "Adj for M" row represent those that Court has allowed. (Dkt. 485 at 13:23 - 14:13.)

[5] Because Finnegan's total fees for its work after the March 2009 fee cap exceed the $4 million cap, the final calculation uses the $4 million figure.

1    Finally, the Court has granted MPS's request for fees generated for work entailed in the
2 preparation of the fee application and responding to O2 Micro's pleadings related thereto (Dkt. No.
3 485 at 16:18-20).  Separate spreadsheets from the Finnegan and Latham firms are attached to the
4 accompanying declaration.  (Mosko Decl. Recalculation, ¶¶8, 9).  After subtracting the 10% from
5 these amounts, the total request for additional fees not included in the initial request is $343,035.

6   III.   CONCLUSION

7    For the foregoing reasons, MPS requests an Order consistent with the recalculation set forth
8 above, awarding MPS $8,423,129 for fees, and $663,151 in non-taxable costs, for a total of
9 $9,082,580.  MPS further requests that the Court award interest at the legal rate on this $9,082,580
10 amount from March 3, 2011, the day this Court granted its motion pursuant to Section 285.  Finally,
11 MPS requests an Order requiring O2 Micro to pay interest on $339,315, the amount awarded as
12 taxable costs.  As noted in its order (Dkt. No. 485 at 1:25), O2 Micro continues to ignore its
13 obligation to pay taxable costs.

14 Dated:  January 31, 2012         FINNEGAN, HENDERSON, FARABOW,
                                     GARRETT & DUNNER, L.L.P.

By: _____/s/ Scott R. Mosko_____
              Scott R. Mosko

Attorneys for Plaintiff and Counterclaim-Defendant
MONOLITHIC POWER SYSTEMS, INC. and
Counterclaim-Defendants ASUSTEK COMPUTER
INC. and ASUS COMPUTER INTERNATIONAL

Dated:  January 31, 2012         LATHAM & WATKINS LLP

By: _____/s/ Mark A. Flagel_____
              Mark A. Flagel

Attorneys for Plaintiff and Counterclaim-Defendant
MONOLITHIC POWER SYSTEMS, INC.

**FILER'S ATTESTATION**

I, Scott R. Mosko, am the ECF user whose identification and password are being used to file this Recalculation of Fees and Non-Taxable Costs Pursuant to Order (Dkt. No. 485).  Pursuant to General Order No. 45, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Mark A. Flagel.

Dated:  January 31, 2012

                                                                     /s/ Scott R. Mosko
                                                                      Scott R. Mosko